### ARGUED AND DETERMINED

#### IN THE

# Supreme Court of Errors

#### OF THE

## STATE OF CONNECTICUT.

—◦:::::❈:::::◦—

MIDDLEBROOK and others *against* FRENCH :
### IN ERROR.

Where an insolvent debtor had conveyed property, real and personal, with intent to defraud his creditors, but had obtained a reconveyance of it, before the service of his petition, and that property was afterwards by him *bona fide* sold, and the avails applied to the payment of some of his creditors ; it was held, that such fraudulent conveyance did not preclude him from the relief provided by the statute in certain cases of insolvency.

On the 14th of *September*, 1820, *French* brought a petition to the superior court, stating, that he had become insolvent ; that he had a fair character for probity and industry ; that he was not justly chargeable with idleness or mismanagement in his affairs ; and that he had not conveyed away any of his estate, with intent to defraud his creditors ; praying that he might be adjudged to be an insolvent debtor within the statute granting relief in certain cases of insolvency, (*a*) and might receive and enjoy the benefits allowed to insolvent debtors conforming themselves to the provisions of that statute.

On a hearing before the court, the facts stated in the petition were found to be true. The court also found, that on the 11th of *August*, 1820, the petitioner conveyed a piece of land, of the value of 290 dollars, and sold a horse, of the value of 15 dollars, with intent to defraud his creditors ; that four days

(*a*) *Tit.* 52. *p.* 282. & seq. (*Rev. ed.*)

*Fairfield*
*June,*
*1821.*

*Middlebrook*
*v.*
*French.*

afterwards, the petitioner repurchased the horse, at the price for which he sold it ; that on the 12th of *September*, 1820, the land so sold by the petitioner, was reconveyed to him, and by him *bona fide* sold, and the avails applied to the payment of some of his creditors ; and that all the debts against which the petitioner sought to be relieved, were due previous to his making such conveyances. The court thereupon adjudged him to be an insolvent debtor within the statute, and passed a decree in his favour, in the usual form. To reverse this decree, the present writ of error was brought.

*Sherman*, for the plaintiffs in error.

*Daggett* and *J. Backus*, for the defendant in error.

Hosmer, Ch. J. The decision of this case depends on that clause of the statute concerning insolvency, which precludes the debtor from the benefits of the act, " who has conveyed any of his estate, with intent to defraud his creditors." The letter of the act is equivocal, and admits of different constructions. It would be difficult to determine, guided by the popular use of the expression merely, whether the legislature intended to interdict from the benefit of the law, all those, who had attempted to defraud their creditors, or those only whose attempts had proved successful.

The object of the provision, though not very clearly expressed, may be apprehended without much difficulty. The clause was not inserted, for the purpose of punishing the debtor, nor to discourage him from making a fraudulent conveyance, lest he should be abandoned to the mercy of his creditors, and at their option, to the horrors of endless imprisonment. An event so enormous, as the consigning a poor debtor, for a single deviation from rectitude, to ruin and oppression, when no disadvantage has accrued to his creditors, and in respect of whom, the recalled act has virtually diminished his offence to *an unjustifiable intention only*, it is not to be presumed, was with inthe intent of the legislature. Nor can I believe, that the penalty of perpetual imprisonment was enacted, as a preventive against the perpetration of fraud. Without doing violence to the statute, a more benign construction, and one equally beneficial, may be adopted, by considering the object to have been, to deny the benefits of an act of insolvency to those debtors, who had committed a fraud

actually injurious to creditors. On a different construction, the imprisoned debtor, who had conveyed away property fraudulently, and afterwards, had repossessed himself of it, and with it paid a part of his honest debts, could never receive the oath; but must expiate the unjustifiable but corrected act, by unlimited confinement. An exposition of the law so severe, and so uncongenial with the better feelings of good men, I should be unwilling to adopt, unless impelled to it, by expressions the most unequivocal.

*Fairfield, June, 1821.*

Middlebrook *v.* French.

CHAPMAN, BRAINARD. and BRISTOL, Js. were of the same opinion.

PETERS, J. was of opinion, that the making of a fraudulent conveyance was a crime, not only by statute, but *malum in se*; and though repentance and reformation might purge the offence *in foro conscientiæ*, they could not enable the offender to escape the penalties of the law, in a tribunal which possessed no pardoning power: That obtaining a reconveyance of property fraudulently transferred, could no more do away the legal effect of the transaction upon the petitioner, than the restoration of a stolen horse, or than making amends to a party injured by robbery, or perjury, after detection and conviction, could restore "a fair character for probity" thereby destroyed: That the statute was made for the relief of honest, industrious, unfortunate debtors; but those who are "justly chargeable with idleness, mismanagement or fraud," must depend on the mercy of their creditors, or of the legislature.

Decree affirmed.